UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEET METAL WORKERS' LOCAL 73 WELFARE FUND BOARD OF TRUSTEES, and JOSEPH OHM, Fund Administrator,<br><br>    Plaintiffs,<br>v.<br>MICHAEL C. STEFANI,<br>    Defendant. | FILED: JULY 15, 2008<br>08CV4015<br>JUDGE KENNELLY<br>MAGISTRATE JUDGE VALDEZ<br><br>PH |

## COMPLAINT

Plaintiffs SHEET METAL WORKERS' LOCAL 73 WELFARE FUND BOARD OF TRUSTEES and JOSEPH OHM, by their attorneys, Daley and George, Ltd., complaining against Defendant MICHAEL C. STEFANI, state as follows:

## COUNT I
[ERISA § 502(a)(3) / 29 U.S.C. § 1132(a)(3) – EQUITABLE LIEN BY AGREEMENT]

1.     This count seeks to enforce an equitable lien by agreement pursuant to the terms of the SHEET METAL WORKERS' LOCAL 73 WELFARE FUND (the "Welfare Fund") plan of benefits and arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, more specifically under 29 U.S.C. § 1132(a)(3), and as may be applicable under federal common law.

2.     Jurisdiction is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(1), 1132(f), and 1132(a)(3), which provide district courts with jurisdiction to hear civil actions brought by a fiduciary to obtain appropriate equitable relief to enforce provisions of the terms of an employee welfare benefits plan. In addition, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, which provides district courts with original jurisdiction of all civil actions arising under the laws of the United States.

3.  Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 29 U.S.C. §§ 1132(e)(2) and 28 U.S.C. § 1391(b)(2).

4.  The trustees of Plaintiff SHEET METAL WORKERS' LOCAL 73 WELFARE FUND BOARD OF TRUSTEES are fiduciaries of the Welfare Fund, and, as such, entitled to bring this action pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). The Board of Trustees consists of: Thomas Burek, Robert Schneider, Michael Doyle, John Delano, John P. Harmon, Sr., and Jack Baer. Plaintiff JOSEPH OHM is the Fund Administrator and is similarly a fiduciary of the Welfare Fund.

5.  The Welfare Fund is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), and a multiemployer plan within the meaning of ERISA § 3(37), 29 U.S.C. § 1002(37). The Welfare Fund is a self-funded, nonprofit, tax-exempt organization administered by a joint Board of Trustees made up of an equal number of union- and employer-appointed trustees pursuant to § 302(c)(5) of the Taft-Harley Act, 29 U.S.C. § 186(c)(5). The Welfare Fund is maintained pursuant to collective bargaining agreements. The Welfare Fund provides health and related benefit coverage to over 5,000 union workers and their family members, primarily in the Northern District of Illinois, Eastern Division.

6.  The Welfare Fund's administrative offices are in the Northern District of Illinois, Eastern Division.

7.  At all times relevant to this action, Defendant worked and participated in the Welfare Fund in the Northern District of Illinois, Eastern Division. Defendant's claims and recoveries that are the subject of this action occurred in the Northern District of Illinois, Eastern Division.

8.  At all times relevant to this action, Defendant worked in employment governed by collective bargaining agreements between one or more signatory employers and Sheet Metal

Worker's International Association Local 73, the agreements providing for health benefits through the Welfare Fund.

9.  At all times relevant to this action, Defendant was a participant of the Welfare Fund within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7). At all times relevant to this action, Defendant was a Welfare Fund participant under the terms of the Welfare Fund's Plan Description.

10. At all times relevant to this action, Defendant was a beneficiary of the Welfare Fund within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(8). At all times relevant to this action, Defendant was a Welfare Fund beneficiary under the terms of the Welfare Fund's Plan Description.

11. Defendant was injured on or about May 21, 2004 in a work-related accident (the "Accident") in the Northern District of Illinois.

12. At the time of the Accident on or about May 21, 2004 and afterwards, medical and related welfare benefits were provided by the Welfare Fund to Defendant or paid on behalf of Defendant as a result of the Accident. These benefits took the form of payments made from the Welfare Fund's assets. The Welfare Fund expended not less than $14,951.75 on behalf of Defendant.

13. The Plan Description that was in effect at the time of the Accident and thereafter provides an equitable lien by agreement on any third party recovery, in that it contains a provision that states:

> If the Welfare Fund pays benefits to or for you, your dependent, your estate or your dependent's estate as a result of an Accident, injury, or illness for which any third party is or may be liable, the Fund has a right of reimbursement from any settlement, judgment, insurance proceeds, no-fault automobile insurance payments, or other recovery, for any and all benefits paid in connection with such injury and illness up to the amount of recovery.
>
> In addition, the Fund will have a lien upon any such recovery in the amount of all benefits paid up to the amount of recovery.
>
> ...
>
> You, your dependent or estate is required to immediately inform the Fund in writing of any legal action or any recovery that arises subsequent to the payment of benefits by the Fund. You, your dependent or estate is required to cooperate fully with the Fund in connection

with the exercise of its rights under this provision and must do nothing to prejudice such rights.

The Fund will not pay fees or costs incurred in connection with any sum recovered unless the Fund has agreed in writing to pay a portion of those fees or costs.

The Fund may, at its option, initiate legal action to secure and protect its rights under this provision.

...In the event that you, your dependent or estate fails to timely inform the Fund of any recovery, the Fund shall have a right of reimbursement from you, your dependent, or estate for any and all benefits paid and for costs of suit including payment of reasonable attorney fees, regardless of the amount of the actual recovery. The Fund Office may also suspend your benefits after giving you a 30-day notice of suspension, if the Fund Office learns that you have received a recovery without making reimbursement to the Fund and if you are not engaged in good faith negotiations to settle the Fund's right to reimbursement.

A true and correct copy of the above quoted provision is attached as Exhibit A.

14. The Plan Description that was in effect at the time of the Accident and thereafter contains a provision that states:

Benefits are not provided under the Fund for the following:

1. Any accidental bodily injury or sickness arising out of or in the course of employment, or which is compensable under any Workers' Compensation or Occupational Disease Act or law.

A true and correct copy of the above quoted provision is attached as Exhibit B.

15. With respect to the Accident, Defendant pursued a workers compensation claim against his employer (and its insurer). Such claim, or any action for similar relief, is referred to herein as the "Injury Claim." Defendant obtained a settlement in the amount of $19,500.00. (A copy of the settlement contract is attached as Exhibit C.) As such, the Accident was subject to the coverage exclusion referenced above.

16. Prior to the Welfare Fund's discovery of the workers compensation settlement, Defendant gave no notice to the Welfare Fund of his settlement and recovery in the Injury Claim.

17. Pursuant to the equitable lien by agreement, and generally pursuant to the terms of the Plan Description, the Welfare Fund is entitled to restitution and recovery of any amounts it paid in connection with the Accident, up to the amount of any recovery in the Injury Claim.

18. Defendant has refused to make restitution to the Welfare Fund.

19. The Welfare Fund has therefore been damaged in an amount not less than $14,951.75.

20. Plaintiffs seek recovery on their equitable lien by agreement.

21. Permitting Defendant to retain the funds would result in a reduction of assets available to other Welfare Fund participants.

22. Plaintiffs are entitled to their attorney fees and costs in this action pursuant to the above quoted Plan Document provision and ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

**WHEREFORE**, Plaintiffs prays that the Court:

A. Enter judgment in favor of Plaintiffs against Defendant.

B. Enter judgment against Defendant an amount not less than $14,951.75, pursuant to the equitable lien by agreement.

C. Award Plaintiffs their attorneys fees and costs pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

D. Grant such other and further relief for Plaintiffs as the Court deems just.

## COUNT II
[ERISA § 502(a)(3) / 29 U.S.C. § 1132(a)(3) – EQUITABLE RELIEF]

1. This count seeks to enforce the terms of the SHEET METAL WORKERS' LOCAL 73 WELFARE FUND (the "Fund") plan of benefits and for equitable relief under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, more specifically under 29 U.S.C. § 1132(a)(3), and as may be applicable under federal common law.

2.-12. Plaintiffs reallege paragraphs 2 through 12 of Court I.

13. The Plan Description that was in effect at the time of the Accident contains a provision that states:

> If the Welfare Fund pays benefits to or for you, your dependent, your estate or your dependent's estate as a result of an Accident, injury, or illness for which any third party is or may be liable, the Fund has a right of reimbursement from any settlement, judgment, insurance proceeds, no-fault automobile insurance payments, or other recovery, for any and all benefits paid in connection with such injury and illness up to the amount of recovery.
>
> In addition, the Fund will have a lien upon any such recovery in the amount of all benefits paid up to the amount of recovery.
>
> ...
>
> You, your dependent or estate is required to immediately inform the Fund in writing of any legal action or any recovery that arises subsequent to the payment of benefits by the Fund. You, your dependent or estate is required to cooperate fully with the Fund in connection with the exercise of its rights under this provision and must do nothing to prejudice such rights.
>
> The Fund will not pay fees or costs incurred in connection with any sum recovered unless the Fund has agreed in writing to pay a portion of those fees or costs.
>
> The Fund may, at its option, initiate legal action to secure and protect its rights under this provision.
>
> ...In the event that you, your dependent or estate fails to timely inform the Fund of any recovery, the Fund shall have a right of reimbursement from you, your dependent, or estate for any and all benefits paid and for costs of suit including payment of reasonable attorney fees, regardless of the amount of the actual recovery. The Fund Office may also suspend your benefits after giving you a 30-day notice of suspension, if the Fund Office learns that you have received a recovery without making reimbursement to the Fund and if you are not engaged in good faith negotiations to settle the Fund's right to reimbursement.

A true and correct copy of the above quoted provision is attached as Exhibit A.

14. The Plan Description that was in effect at the time of the Accident and thereafter contains a provision that states:

> Benefits are not provided under the Fund for the following:
>
> 1. Any accidental bodily injury or sickness arising out of or in the course of employment, or which is compensable under any Workers' Compensation or Occupational Disease Act or law.

A true and correct copy of the above quoted provision is attached as Exhibit B.

15. With respect to the Accident, Defendant pursued a workers compensation claim against his employer (and its insurer). Such claim, or any action for similar relief, is referred to herein as the "Injury Claim." Defendant obtained a settlement in the amount of $19,500.00. (A

copy of the settlement contract is attached as Exhibit C.) As such, the Accident was subject to the coverage exclusion referenced above.

16. Prior to the Welfare Fund's discovery of the workers compensation settlement, Defendant gave no notice to the Welfare Fund of his settlement and recovery in the Injury Claim.

17. Pursuant to the terms of the Plan Description, the Welfare Fund is entitled to restitution and recovery of any amounts it paid in connection with the Accident, up to the amount of any recovery in the Injury Claim.

18. State law restrictions on the assertion of liens against workers compensation claims, if any, are preempted by ERISA.

19. Defendant has refused to make restitution to the Welfare Fund.

20. The Welfare Fund has therefore been damaged in an amount not less than $14,951.75.

21. Upon information and belief, the proceeds of the settlement in the Injury Claim are readily traceable to an identifiable fund in the possession or control of Defendant.

22. Pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), Plaintiffs seek equitable relief including, but not limited to, an injunction, a declaration of rights under the Plan Document, an equitable lien, a constructive trust, specific performance, and a turnover order (in an amount not less than $14,951.75) and such other relief as may be necessary to enforce ERISA and the terms of the Plan Document.

23. Plaintiffs are additionally entitled to a preliminary injunction enjoining Defendant, and all those acting in concert or participating with him, including his counsel, from continuing to violate the terms of the Plan Document and from doing so in the future, including disposing of any amounts received in the Injury Claim, pending a final determination by this Court.

24. Absent intervention by the Court, Plaintiffs will suffer immediate and irreparable harm. If Defendant is able to place any recovery from the Injury Claim beyond reach, then Defendant may deprive the Court of the ability to impose any remedy in favor of the Welfare Fund.

25. Plaintiffs are likely to succeed in their claim that the Welfare Fund is entitled to restitution from any settlement, judgment, insurance proceeds, or other recovery in the Injury Claim, for amounts it has paid attributable to the Accident. At a minimum, there are sufficiently serious questions going to the merits to provide a fair ground for litigation and the balance of hardships tips decidedly toward Plaintiffs.

26. The grant of the requested relief will not result in irreparable harm to Defendant. Accordingly, the balance of the hardships again favor the Plaintiffs.

27. Plaintiffs have no adequate remedy at law.

28. Permitting Defendant to retain the funds would result in a reduction of assets available to other Welfare Fund participants.

29. Plaintiffs are entitled to their attorney fees and costs in this action pursuant to the above quoted Plan Document provision and ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

**WHEREFORE**, Plaintiffs prays that the Court:

A. Enter judgment in favor of Plaintiffs against Defendant.

B. Enter an order enjoining Defendant, and all those acting in concert or participating with him, including his counsel, from continuing to violate the terms of the Plan Document and from doing so in the future, including disposing of any amounts received in the Injury Claim, pending a final determination by this Court.

C. Enter an order declaring that the Injury Claim proceeds are subject to an equitable lien and constructive trust, and granting such other equitable relief as may be appropriate to assure

that the Plaintiffs receive restitution from any settlement, judgment, insurance proceeds, or other recovery in the Injury Claim, for amounts paid in connection with the Accident.

D.   Enter an order requiring Defendant to turnover an amount not less than $14,951.75 from the proceeds of his Injury Claim.

E.   Award Plaintiffs their attorneys fees and costs pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

F.   Grant such other and further relief for Plaintiffs as the Court deems just.

## COUNT III
[FEDERAL (ERISA) COMMON LAW – UNJUST ENRICHMENT]

1.   This Count seeks relief for Defendant's unjust enrichment under the federal common law of ERISA and, as applicable, under federal and Illinois common law. To the extent a cause of action accrues under Illinois common law, this Count arises from a common nucleus of operative facts with Count I and Count II and is pendant to those Counts.

2.   Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, which provides district courts with original jurisdiction of all civil actions arising under the laws of the United States. To the extent a cause of action accrues under Illinois common law, Jurisdiction is proper in this Court pursuant to 29 U.S.C. § 1367, which provides the Court with supplemental jurisdiction.

3.   Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1391(b)(2).

4.-21.   Plaintiffs reallege paragraphs 4 through 21 of Court II.

22.   It would be unjust for Defendant to retain the benefits of the Welfare Fund's payments for injuries excluded from coverage by the Plan Document.

23.   It would be unjust for Defendant to retain the benefits of the Welfare Fund's payments in contravention of the Plan Document's reimbursement provisions.

24. In retaining both the benefits of Welfare Fund's payments and the Injury Claim settlement, Defendant has received and retained a double recovery, all to Plaintiffs' detriment. It would be unjust for Defendant to retain this double recovery.

25. To prevent unjust enrichment, Plaintiffs are entitled to restitution in an amount not less than $14,951.75.

26. To prevent unjust enrichment, Plaintiffs are entitled to the imposition of an equitable lien and constructive trust on Injury Claim proceeds.

**WHEREFORE**, Plaintiffs prays that the Court:

A. Enter judgment in favor of Plaintiffs against Defendant.

B. Enter judgment against Defendant an amount not less than $14,951.75.

C. Enter an order declaring that the Injury Claim proceeds are subject to an equitable lien and constructive trust, and granting such other equitable relief as may be appropriate to assure that the Defendant is not unjustly enriched and that the Welfare Fund receives restitution from any settlement, judgment, insurance proceeds, or other recovery in the Injury Claim, for amounts paid in connection with the Accident.

D. Award Plaintiffs their attorney's fees, costs, and interest.

E. Grant such other and further relief for Plaintiffs as the Court deems just.

## COUNT IV
[BREACH OF CONTRACT – REIMBURSEMENT AGREEMENT & PLAN DOCUMENT]

1. This Count seeks relief for breach of contract.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, which provides district courts with original jurisdiction of all civil actions arising under the laws of the United States. In the alternative, to the extent the cause of action accrues under Illinois common law,

Jurisdiction is proper in this Court pursuant to 29 U.S.C. § 1367, which provides the Court with supplemental jurisdiction.

    3.    Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1391(b)(2).

    4.-21.    Plaintiffs reallege paragraphs 4 through 21 of Court II.

    22.    With respect to his Accident, and in accordance with the Plan Description, Defendant executed a subrogation agreement in favor of the Welfare Fund. That subrogation agreement included, *inter alia*, the following provisions:

> 1. Reimbursement. In the event any third party is or may be liable for the above-described accident, injury or illness, the Fund shall have a right of reimbursement, and the Employee, dependent, or any related estate shall reimburse the Fund, from any settlement, judgment, insurance proceeds, no-fault automobile insurance payments or other recovery, for any and all benefits paid in connection with such accident, injury or illness, up to the amount of recovery. …
> …
> 2. Lien. The Fund shall have a lien upon any such settlement, judgment, insurance proceeds, no-fault automobile insurance payments, or other recovery, in the amount of all benefits paid up to the amount of recovery …
> …
> 3. Notice of Recovery. The Employee, dependent, or related estates shall immediately inform the Fund in writing of any legal action or settlement, judgment, insurance proceeds, no-fault automobile insurance payments or other recovery. The Employee, dependent, and related estates shall cooperate fully with the Fund in connection with the exercise of the Fund's rights under this Agreement and under the Sheet Metal Workers' Local Union No. 73 Welfare Plan and shall do nothing to prejudice such rights.
> …
> 5. Remedies. …In the event that the Employee, dependent, or estates fails [sic] to timely inform he Fund of any recovery, the Fund shall have a right of reimbursement from the Employee, dependent, or any estate thereof for any and all benefits paid and for costs of suit including payment of reasonable attorney fees, regardless of the amount of the actual recovery. …
> …
> 8. Expenses of enforcement. In the event any legal action is necessary to enforce any provision of this Agreement, the prevailing party shall recover from the other party all reasonable costs and expenses, including but not limited to reasonable attorney's fees and other legal fees, incurred by the prevailing party in connection with such legal action.
> …

11

23. Under the terms of the Reimbursement Agreement and the Plan Description, the Welfare Fund is entitled to be reimbursed for any amounts it paid in connection with the Accident, up to the amount of any recovery in the Injury Claim, whether by settlement, judgment, or otherwise.

24. Plaintiffs are additionally entitled to a lien on any recovery in the Injury Claim.

25. Plaintiffs are entitled to their attorney fees and costs in this action pursuant to the Reimbursement Agreement and the Plan Document.

**WHEREFORE**, Plaintiffs prays that the Court:

A. Enter judgment in favor of Plaintiffs against Defendant.

B. Enter judgment against Defendant an amount not less than $14,951.75.

C. Award Plaintiffs their attorney's fees, costs, and interest.

D. Grant such other and further relief for Plaintiffs as the Court deems just.


DALEY AND GEORGE, LTD.
20 S. Clark St., Suite 400
Chicago, IL  60603
(312) 726-8797
Firm ID: 80218

Respectfully submitted,
SHEET METAL WORKERS' LOCAL 73
WELFARE FUND
BOARD OF TRUSTEES and JOSEPH OHM

By: _____
One of Their Attorneys

### 4.9 SUBROGATION

If the Welfare Fund pays benefits to or for you, your dependent, your estate or your dependent's estate as a result of an accident, injury, or illness for which any third party is or may be liable, the Fund has a right of reimbursement from any settlement, judgement, insurance proceeds, no-fault automobile insurance payments, or other recovery, for any and all benefits paid in connection with such injury and illness up to the amount of recovery.

In addition, the Fund will have a lien upon any such recovery in the amount of all benefits paid up to the amount of recovery.

You, your dependent or estate is required to execute the Fund's written subrogation agreement acknowledging the Fund's rights under this provision and the Fund may withhold benefits until such agreement is signed. The Fund has its own form of written subrogation agreement that you will be required to sign.

You, your dependent or estate is required to immediately inform the Fund in writing of any legal action or any recovery that arises subsequent to the payment of benefits by the Fund. You, your dependent or estate is required to cooperate fully with the Fund in connection with the exercise of its rights under this provision and must do nothing to prejudice such rights.

The Fund will not pay fees or costs incurred in connection with any sum recovered unless the Fund has agreed in writing to pay a portion of those fees or costs.

The Fund may, at its option, initiate legal action to secure and protect its rights under this provision.

In the event that reimbursement is not made as provided above, the Fund has the right to withhold any future benefits that you, your dependent or estate may be entitled to receive until the Fund has been reimbursed. In the event that you, your dependent or estate fails to timely inform the Fund of any recovery, the Fund will have a right of reimbursement from you, your dependent or estate for any and all benefits paid and for costs of suit, including payment of reasonable attorney fees, regardless of the amount of the actual recovery. The Fund Office may also suspend your benefits after giving you a 30-day notice of suspension, if the Fund Office learns that you have received a recovery without making reimbursement to the Fund and if you are not engaged in good faith negotiations to settle the Fund's right to reimbursement.

### CLAIM FILING PERIOD

[There is a] two-year period beginning with the date you incur charges for medical [services in]cluding wellness, hearing, optical services and accident and sickness [benefits for which] you must file a claim for reimbursement of the charges. There is a one-year period beginning with the date you incur charges for prescription drug benefits and dental claims during which you must file a claim for reimbursement of the charges. IF YOU FILE YOUR CLAIM AFTER THIS TWO-YEAR PERIOD OR ONE-YEAR PERIOD IN THE CASE OF PRESCRIPTION DRUG OR DENTAL BENEFITS, NO REIMBURSEMENT WILL BE MADE.

### 4.11 ASSIGNMENT OF BENEFITS

Please read the claim form carefully. It is important for you to know that ASSIGNMENT OF BENEFITS means that if you sign in this space, the claim will be processed and the check will be sent directly to the provider (your doctor, anesthetist, etc.). Please be aware that once you assign benefits, the Fund has no alternative but to forward the check to the provider. For dental claims, if the dentist is a DPO dentist or is participating in DeltaPremier, Delta Dental will pay him or her. If the dentist is not participating in either program, Delta Dental will usually send payment to you, unless the Delta Dental Plan in the state where treatment is rendered allows an assignment of benefits and you assign payment to the dentist.

### 4.12 QUALIFIED MEDICAL CHILD SUPPORT ORDER (QMCSO)

A Qualified Medical Child Support Order (QMCSO) is a court order that requires you to provide medical coverage for your children (called alternate recipients) in situations involving divorce, legal separation or a paternity dispute.

A QMCSO requires the Fund to cover an alternative recipient who might not otherwise be eligible for coverage. This Fund provides benefits according to the requirements of the QMCSO. The Fund Administrator will notify you and any alternate recipient if a QMCSO is received.

WELFARE /Summary Plan Description

WELFARE 16...

EXHIBIT A

only dispense the amount of medication your physician has prescribed up to a 90-day supply. Show your physician the material attached to the prescription drug benefit brochure to help your physician write a prescription for this program.

2. Complete the Mail Service Order Form/Patient Profile.
3. Mail the written prescription, the profile, the order form and your co-payment to Caremark in the pre-addressed envelope. The co-payment for each prescription order is shown in the Schedule of Benefits in Section 3. If you need assistance determining the co-payment amount, call Caremark at 1-800-776-1465 or visit their website at www.caremark.com.

You will receive refill labels (if refills remain) and a new order form in your prescription package. To obtain a refill order, simply affix the refill label to the back of the order form and send it to Caremark. If you have no refills remaining or if your prescription has expired, contact your physician for a new written prescription to send to Caremark.

If you have a question about your prescription, call Caremark at 1-800-776-1465. Customer Service Representatives will be available to answer questions weekdays from 7:30 a.m. - 9:00 p.m. and Saturdays from 6:30 a.m. - 12:00 p.m. Central Standard Time.

**14.3 PRESCRIPTION DRUG EXCLUSIONS AND LIMITATIONS**

Benefits are not payable under this Prescription Drug Benefit for:

1. Medicines or drugs obtainable without a physician's prescription, except insulin.
2. All forms of contraceptives, including medicines and devices.
3. Medications used for cosmetic purposes, including Vitamin A derivatives (retinoids) for dermatological use (i.e. Retin A, Renova).
4. Vitamins and nutritional supplements.
5. Smoking deterrents (except as provided under the Wellness Benefit).
6. Fertility drugs (except as provided under the Infertility Benefit).
7. Viagra and other erectile dysfunction drugs.
8. Anabolic steroids.
9. Antiviral drugs used for influenza (flu) treatment or prevention.
10. Weight control or drugs or anorexiants, except those used for treatment of children with attention deficit disorder (ADD) or individuals with narcolepsy, and
11. Serum allergy antigen solutions.

## GENERAL EXCLUSIONS AND LIMITATIONS

Benefits are not provided under the Fund for the following:

1. Any accidental bodily injury or sickness arising out of or in the course of employment, or which is compensable under any Workers' Compensation or Occupational Disease Act or law.
2. Any treatment or service not prescribed by the legally qualified physician or surgeon to be medically necessary.
3. Any charges made by a Hospital unless the hospitalization is recommended and approved by a physician.
4. Surgery or medical treatment to improve or preserve physical appearance, but not physical function. Cosmetic Surgery or treatment includes, but is not limited to: removal of tattoos, breast augmentation, or other medical or surgical treatment intended to restore or improve physical appearance. The Fund does cover medically necessary reconstructive procedures which are necessary to correct damage caused by congenital birth defect or an accidental injury.
5. Dental care and treatment except (a) that necessitated by accidental bodily injury, occurring while covered, to sound, natural teeth, or (b) as specifically provided under the Dental Expense Benefits.
6. Eye examinations and eye glasses except as provided under the Optical Benefits. However, the first pair of glasses purchased after cataract surgery is paid under the Major Medical benefits.
7. Routine physical examinations and immunizations, except as specifically provided under the Wellness Benefits, and routine child and adolescent exams and immunizations until age 16.
8. An accidental bodily injury or sickness caused by war, or by any act of war, declared or undeclared or by participating in a riot or as the result of the commission of a felony by an eligible person.
9. Expenses for services provided to the covered individual under any government-provided plan or program (including, without limitation, TRICARE (formerly known as CHAMPUS) and VA programs) established under the laws or regulations of any government, including the federal, state, or local government or the government of any other political subdivision of the United States, or of any other country or any political subdivision of any country; or under any plan or program in which any government participates other than as an Employer, unless the governmental program provides otherwise.
10. Expenses incurred by any covered individual arising from an attempt at suicide or from a self-inflicted injury or illness, including complications thereof, unless the attempt arises as a result of a physical or mental health condition.
11. Charges made by a physician, registered nurse (R.N.), licensed practical nurse (L.P.N.) or physiotherapist if such physician, registered nurse, licensed practical

WELFARE / Summary Plan Description

WELFARE / Summary Plan Description

x

EXHIBIT
B

# ILLINOIS WORKERS' COMPENSATION COMMISSION
## SETTLEMENT CONTRACT LUMP SUM PETITION AND ORDER

ATTENTION. Please type or print. Answer all questions. File four copies of this form. Attach a recent medical report.

Workers' Compensation Act  X   Occupational Diseases Act ___     Fatal case? No  X   Yes ___  Date of death _____

MICHAEL C. STEFANI
Employee/Petitioner

Case #  04 WC 33446

v.

ADVANCE MECHANICAL SYSTEMS, INC
Employer/Respondent

Setting  Waukegan

To resolve this dispute regarding the benefits due the petitioner under the Illinois Workers' Compensation or Occupational Diseases Act, we offer the following statements. We understand these statements are not binding if this contract is not approved.

| | | | | |
|---|---|---|---|---|
| MICHAEL C. STEFANI | 8507 32nd Avenue | Kenosha | Wisc | 53142 |
| Employee's name | Street address | City, State, Zip code | | |
| ADVANCE MECHANICAL SYSTEMS, INC | 2080 S. Corboy | Mt. Prospect | IL | 60056 |
| Employer's name | Street address | City, State, Zip code | | |

Employee's Social Security # ██████████     Male  X   Female ___     Married ___     Single  X
# Dependents under age 18  0      Birthdate ██████████     Average weekly wage $  1,320.00
Date of accident  5/21/04 (allegedly)

How did the accident occur? Injured while working  (Allegedly-Disputed)

What part of the body was affected? Right leg   (Allegedly-Disputed)

What is the nature of the injury? Right Leg   (Allegedly-Disputed)

The employer was notified of the accident orally  X   in writing ___ .    Return-to-work date  disputed

Location of accident  Highland Park  (Allegedly-Disputed)     Did the employee return to his or her regular job? Yes ___  No  X
If not, explain below and describe the type of work the employee is doing, the wage earned, and the current employer's name and address.
Petitioner sought alternative employment

**TEMPORARY TOTAL DISABILITY BENEFITS:** Compensation was paid for N/a  weeks at the rate of $  0.00 /week.
The employee was temporarily totally disabled from  N/a  through  N/a
Disputed - See terms of settlement
**MEDICAL EXPENSES:** The employer has ___ has not  X  paid all medical bills. List unpaid bills in the space below.
Disputed - See terms of settlement. No medical benefits have been paid or will be paid on account of the alleged/disputed injury.

**PREVIOUS AGREEMENTS:** Before the petitioner signed an *Attorney Representation Agreement,* the respondent or its agent offered in writing to pay the petitioner $  0.00  as compensation for the permanent disability caused by this injury.
An arbitrator or commissioner of the Commission previously made an award on this case on  N/a  regarding
TTD  N/a       Permanent disability  N/a       Medical expenses  N/a       Other N/a

ICS  12/04  100 W. Randolph Street #8-200 Chicago, IL 60601 312/814-6611  Toll-free 866/352-3033  Web site: www.iwcc.il.gov
Downstate offices: Collinsville 618/346-3450  Peoria 309/671-3019  Rockford 815/987-7292  Springfield 217/785-7084
Disclosure of this information to the Commission is done voluntarily under 820 ILCS 305/6(b).

EXHIBIT C

**TERMS OF SETTLEMENT:** Attach a recent medical report signed by the physician who examined or treated the employee. Respondent denies Petitioner sustained an accident or illness which arose out of her employment, and further denies that the Petitioner has a viable claim under the Illinois Workers' Compensation Act; however, in order to settle a doubtful and disputed claim, and in addition to those monies already paid, Respondent offers and Petitioner accepts $19,500.00, in full and complete settlement of any and all claims under the Illinois Worker's Compensation Act arising out of the May 21, 2004 alleged work injury. The parties agree that the Industrial Commission Arbitrator, upon review of the factual basis of the claim and the medical documentation, specifically the September 20, 2004 report of Dr. Alvin Kanter, would find that the Petitioner did not sustain accidental injuries which arose out of and in the course of his employment with the Respondent and that there is no causal relationship between an alleged work event of May 21, 2004 to Petitioner's right leg/foot and the condition of his right leg/foot or to any medical care and treatment to his right leg/foot. Both parties waive rights of Review under Sections 8 (a) and 19 (h) of the Act.

| | |
|---|---|
| Total amount of settlement | $ 19,500.00 |
| Deduction: Attorney's fees | $ 3,900.00 |
| Deduction: Medical reports, X-rays | $ 251.93 |
| Deduction: Other (explain) | $ |
| Amount employee will receive | $ 15,348.07 |

**PETITIONER'S SIGNATURE.** *Attention, petitioner. Do not sign this contract unless you understand all of the following statements.* I have read this document, understand its terms, and sign this contract voluntarily. I believe it is in my best interests for the Commission to approve this contract. I understand that I can present this settlement contract to the Commission in person. I understand that by signing this contract, I am giving up the following rights:

1. My right to a trial before an arbitrator;
2. My right to appeal the arbitrator's decision to the Commission;
3. My right to any further medical treatment, at the employer's expense, for the results of this injury;
4. My right to any additional benefits if my condition worsens as a result of this injury.

Signature of petitioner | MICHAEL C. STEFANI | Telephone number | 8/11/06
Name of petitioner (please print) | | Date

**PETITIONER'S ATTORNEY.** I attest that any fee petitions on file with the IWCC have been resolved. Based on the information reasonably available to me, I recommend this settlement contract be approved.

Signature of attorney      Date
John J. Rizzo      0152
Attorney's name and IC code # (please print)
Linn & Campe, Ltd.      TAX ID # 36-2741130
Firm name
215 North M.L. King Avenue
Street address
Waukegan      IL      60085
City, State, Zip code
(847)249-4600
Telephone number      E-mail address

**RESPONDENT'S ATTORNEY.** I attest that any fee petitions on file with the IWCC have been resolved. The respondent agrees to this settlement and will pay the benefits to the petitioner or the petitioner's attorney, according to the terms of this contract, promptly after receiving a copy of the approved contract.

Signature of attorney or agent      8/17/06 Date
Lawrence A. Szymanski      2609
Attorney's name and IC code # or agent (please print)
Law Offices of Lawrence A. Szymanski, P.C.
Firm name
17900 Dixie Highway, Suite 14
Street address
Homewood      IL      60430
City, State, Zip code
708-798-8115
Telephone number      E-mail address

Name of respondent's insurance or service company (please print)

**ORDER OF ARBITRATOR OR COMMISSIONER:**
Having carefully reviewed the terms of this contract, in accordance with Section 9 of the Act, by my stamp I hereby approve this contract, order the respondent to promptly pay in a lump sum, the total amount of settlement stated above, and dismiss this case.

APPROVED BY AUTHORITY OF THE
ILLINOIS WORKERS' COMPENSATION COMMISSION
pursuant to the provisions of the
Workers' Compensation and Workers'
Occupational Diseases Acts

AUG 2 1 2006

IC5 page 2

"This form is a true and exact copy of the current Workers' Compensation Commission form IC5, as revised 12/04"
By: Anthony E. Erbacci, Arbitrator




# SHEET METAL WORKERS'
*International Association • Local Union No. 73*
4530 Roosevelt Road | Hillside, Illinois 60162 | 708.449.7373 | FAX 708.449.7333

## Welfare and Pension Funds

### AGREEMENT

This Agreement must be signed and returned to the Sheet Metal Workers' Local Union No. 73 Welfare Fund before payment of any claim arising from an accident, injury or illness.

Name of Employee: Michael C. Stefani

Member's Social Security Number: ▬▬▬▬▬

Employer: Advanced Mechanical Equipment

Date of Accident, Injury or Illness: May 21, 2004   Description of Injury: Right knee & foot

I.C. Case #: 04 WC 33446

Agreement between the Sheet Metal Workers' Local Union No. 73 Welfare Fund (the "Fund") and Michael C. Stefani ("Employee"), individually and on behalf of any dependent(s) to whom or for whom benefit payments are made.

In consideration of benefits paid or payable by the Fund for charges incurred by the Employee, dependent, or any estate thereof, as a result of the above-described accident, injury or illness, and in consideration of the terms and conditions contained in this Agreement, the parties agree as follows:

    1. <u>Reimbursement</u>. In the event any third party is or may be liable for the above-described accident, injury or illness, the Fund shall have a right of reimbursement; and the Employee, dependent, or any related estate shall reimburse the Fund from any settlement, judgment, insurance proceeds, no-fault automobile insurance payments or other recovery, for any and all benefits paid in connection with such accident, injury or illness, up to the amount of recovery provided, however, that the Fund will pay a proportionate share of attorney's fees and costs incurred in recovery of said amount, not to exceed the lesser of: (i) the amount provided in any fee agreement between the participant and the procuring attorney; or (ii) one-third (1/3) of the amount recovered and paid to the Fund.

    2. <u>Lien</u>. The Fund shall have a lien upon any such settlement, judgment, insurance proceeds, no-fault automobile insurance payments, or other recovery, in the amount of all benefits paid up to the amount of recovery provided, however, that upon compliance with the terms of the Plan, this Agreement and reimbursement satisfactory to the Fund, the Fund shall release its lien with regard to the amount of attorney's fees and costs provided for in Paragraph 1.



EXHIBIT D

Agreement of Reimbursement
Page Two

    3. <u>Notice of Recovery</u>. The Employee, dependent, or related estates shall immediately inform the Fund in writing of any legal action or any settlement, judgment, insurance proceeds, no-fault automobile insurance payments or other recovery. The Employee, dependent, and related estates shall cooperate fully with the Fund in connection with the exercise of the Fund's rights under this Agreement and under the Sheet Metal Workers' Local Union No. 73 Welfare Plan, and shall do nothing to prejudice such rights.

    4. <u>Costs of Recovery</u>. Except as otherwise expressly provided in this Agreement, the Fund will not pay fees or costs incurred in connection with any such recovered unless the Fund shall have agreed in writing to pay a portion of those fees or costs.

    5. <u>Remedies</u>. In the event that reimbursement is not made as provided in this Agreement or in the Sheet Metal Workers' Local Union No. 73 Welfare Plan, the Fund has the right to withhold any future benefits to which the Employee, dependent, or any estate thereof shall be entitled to receive, until the Fund has been reimbursed. In the event that the Employee, dependent, or estate fails to timely inform the Fund of any recovery, the Fund shall have a right of reimbursement from the Employee, dependent, or any estate thereof, for any and all benefits paid and for costs of suit including payment of reasonable attorney fees, regardless of the amount of the actual recovery. No remedy herein conferred upon any party is intended to be exclusive of any other remedy, and each and every remedy shall be cumulative and shall be in addition to every other remedy given hereunder or now or hereafter existing, at law or inequity or by statute or otherwise. No single or partial exercise by any party of any right, power or remedy hereunder shall preclude any other or further exercise thereof.

    6. <u>Alteration</u>. No alteration or modification to this Agreement shall be valid unless made in writing and signed by both parties.

    7. <u>Waiver</u>. No waiver of any of the terms of this Agreement shall be valid unless set forth in writing, signed by the party against whom such waiver is asserted.

    8. <u>Expenses of Enforcement</u>. In the event any legal action is necessary to enforce any provision of this Agreement, the prevailing party shall recover from the other party all reasonable costs and expenses, including, but not limited to, reasonable attorney's fees and other legal fees incurred by the prevailing party in connection with such legal action.

    9. <u>Successorship</u>. This Agreement shall be binding upon and inure to the benefit of the Fund and its successors and assigns. Employee may not assign his rights or delegate his duties under this Agreement. This Agreement shall be binding upon the Employee's heirs, executors, administrators, attorneys, and legal representatives; and this Agreement shall be binding upon the heirs, executors, administrators, and legal representatives of the dependent or estate, if any, to whom or for whom benefit payments are made.

Agreement of Reimbursement
Page Three

10. <u>Interpretation</u>. The parties to this Agreement expressly agree that this Agreement shall be interpreted and construed in accordance with its fair meanings, and not strictly for or against either party.

11. <u>Severability</u>. If any provision of this Agreement is adjudged by any court of appropriate jurisdiction to be void or unenforceable in whole or in part, such provision may be severed or modified to the extent necessary to make this Agreement legal and enforceable as so severed or modified, and the remaining portion of this Agreement shall remain in full force and effect.

12. <u>Notices</u>. All notices provided for or permitted in this Agreement shall be in writing and shall be delivered personally or sent by United States certified or registered mail, return receipt requested, directed to the parties at the addresses set forth below their respective names on the signature page of this Agreement. Any party may change the address to which notices are to be sent by so notifying the other parties in writing as set forth above.

Executed in _Kenosha_, Wisconsin.
            (city)

Dated: _10/5/04_

Employee: Michael C Stefani
Signed: _[signature]_
Address:    8507 32nd Avenue Apt. 1
            Kenosha, WI 53142-5185

Injured covered Dependent, or Guardian (if applicable):

Signed: _____    Date: _____

Sheet Metal Workers' Local Union No. 73 Welfare Fund
4530 Roosevelt Road
Hillside, Illinois 60162

By: _____    Date: _____